**INDUST COMM v CHRISTOPHEL**

Ohio Appeals, 1st Dist, Hamilton Co

No 4966. Decided Feb, 1936

John W. Bricker, Columbus, and Stewart S. Cooper, Cincinnati, for plaintiff in error.

Joseph I. Williams, Cincinnati, for defendant in error.

### OPINION

By MATTHEWS, J.

Ida Christophel, the widow and dependent of John Christophel, filed her claim for compensation, on account of his death, with the Industrial Commission, which disallowed it upon rehearing. Thereupon, she appealed to the Common Pleas Court of Hamilton County. A trial by jury was had resulting in a verdict in her favor, upon which judgment was rendered. It is from that judgment that error is prosecuted to this court.

John Christophel was an employe of P. R. Mitchell Company of Hamilton County. It had complied with the Workmen's Compensation Act. He died on April 7th, 1932. In due time his widow filed application for compensation, alleging that he received an injury on the 1st day of April, 1930, which caused or contributed to cause his death.

Various assignments of error are made.

(1) It is claimed that the court erred in permitting the plaintiff to introduce in evidence the decedent's original application for compensation.

It appears that on April 28th, 1931, John Christophel filed an application for compensation and his claim was given the number under which the widow later filed her application for compensation. John Christophel's application was on a regular form prescribed by the Industrial Commission, was signed by him, his attending physician and an agent of his employer, the latter certifying that he had read "the statements" in the application and knew the same "to be true and correct". One of the statements was that Christophel was "dragging feathers with large scraper; stepped on lid of packing box (packing box lid is flush with floor) lid up-ended, fell straddle on lid" and received "bruises in region of crotch."

In **Coutellier et v Industrial Commission of Ohio, 126 Oh St 546,** it was held, as stated in the syllabus that:

"A report or application blank furnished by the Industrial Commission, which the commission requires to be filled out and signed by the applicant, his physician and employer, is admissible evidence. But a certificate, signed by the employer, attesting the truth of the statements or declara-

tions of the applicant pertaining to the cause of the injury, has no evidentiary value if it be proven that the certificate was based solely upon self-serving declarations contained in the application; and the jury should be instructed to ignore the certificate of the employer, if such a situation is developed on the trial."

Counsel relies on **Industrial Commission v Davis, 126 Oh St 593**, to support his claim that the application was incompetent. We do not think it does so. That case decided that the record showing the findings and order in a proceeding instituted by the employe is not competent evidence in a subsequent action by the dependents of such employe seeking compensation for his death. That there is no inconsistency between Coutellier v Industrial Commission and Industrial Commission v Davis is pointed out in **Industrial Commission v Bartholome, 128 Oh St 13, at 22 and 23**, which expressly approved the holding of the former case that the application was admissible against the Commission.

In the case at bar this application was certified to the Court of Common Pleas as a part of the record upon which the Industrial Commission acted in denying the widow compensation on rehearing. It does not expressly appear that this application was formally offered on such rehearing, but neither did such formal offering appear to have been made in Industrial Commission v Bartholome, supra. In this case, as in that case, the Commission certified it to the Common Pleas Court and from that fact it will be presumed that it was part of the evidence upon which the Commission ██ acted. Furthermore, error will not be presumed. That rule would prevent this court from disturbing the judgment on this ground as the record certified by the Industrial Commission is not before the court and there is nothing in the record indicating that this application was not offered at the rehearing upon the death claim.

(2) There is objection to certain hypothetical questions asked of physicians, designed to elicit their opinions as to the cause of ██ death. The objection is based on the claim that the evidence did not furnish any basis for the hypothesis. This is in part based on the assumption that the application was incompetent, and that in the absence thereof there was no substantial evidence. We have found that the application was competent and we also find from a reading of the testimony that there was additional evidence of a substantial nature upon the subject. We conclude that the court did not err in permitting the questions to be answered. In passing upon this claim, we also find that the verdict is not manifestly against the weight of the evidence.

(3) Finally, it is urged that the court erred in its charge to the jury. The injury, if any, occurred on April 1st, 1930, and the death occurred on April 7th, 1932.

**Sec. 1465-82 GC** is:

"In case the injury causes death within the period of two years. and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury," etc.

The trial court instructed the jury that:

"the death must have been the result of a disability that in some degree was continuous from the time of the alleged injury down to the death, * * *"

And:

"I will say to you when ¹ talk about there must be disability in some degree from the time of the alleged injury down to the time of the death, I do not mean a disability that would prevent the man from working, nor from receiving compensation because a man may work and still suffer a disability;

it must be some continuous disability in effect as a result of the injury."

It is claimed that the charge did not correctly state the law contained in this statute as applied to the facts in this case, because it appears that Christophel was employed and was paid wages by his employer part of the time during the two years period following the date of his injury. The claim is really that it conclusively appears that the widow's right was barred at the end of two years from the date of the injury.

This statute was construed in **Cleveland Provision Co. v Hunter, 35 Oh Ap 169,** in which the facts as to continuity of the employe's injury were substantially the same as in the case at bar. The court held, as stated in the syllabus, that:

"Where 'disability' was continuous until death over two years after injury, employee's widow held entitled to compensation, although deceased had resumed work and former earnings [§1465-82, ¶4 GC (110 Ohio Laws 227)]."

The court reached that conclusion in a well-reasoned opinion. We concur in the reasons given and the conclusion reached.

For these reasons, the judgment is affirmed.

ROSS, PJ. & HAMILTON, J., concur.