**SALSBERRY, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4814.   Decided February 20, 1953.

John Mitchell, Columbus, Thomas F. Joseph, Martins Ferry, for plaintiff-appellee.

C. William O'Neill, Atty. Genl., Chalmers P. Wylie, William Ammer, Asst. Attys. Genl., Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury awarding the plaintiff the right to participate in the compensation fund of Ohio for the death of her husband, Leroy S. Swain, the same being for an injury sustained in the course of his employment.   The principal issue arising from the pleadings was

whether or not the injury sustained by the deceased, more than two years prior to his death, was a proximate cause of the same. The appellant is urging that the record does not disclose that the plaintiff's decedent was continuously disabled from the date of injury to the date of death and therefore the requirements of §1465-82 GC were not met. This section provides:

"In case the injury causes death within the period of two years, and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury, the benefits shall be in the amount and to the persons following:
* * *                                                                      * * *."

The record reveals that the Defendant's Exhibit No. 2, which is the employer's report of the injury and approved by the decedent, states that the injury was sustained on July 26, 1944, and that the employee quit work on February 14, 1945; that Defendant's Exhibit No. 3, which is the attending physician's report, states that he was away from work seven days; that the plaintiff testified that her husband never returned to work. This statement appears to be indefinite as there is no specific date mentioned after which he became unemployed. The specific question therefore presented is, did the decedent's subsequent employment disqualify the plaintiff from participating in the award, the defendant insisting that continuing in the employment negatives "continuous disability." Citing the case of Cantanzaret v. Carnegie-Illinois Steel Corporation, an unreported case decided by the Seventh District Court of Appeals. The appellant is urging that "disability" means inability to perform the work for which he was employed. The Court in both the general and special charges stated that "continuous disability" meant not being able to work with the same degree of ease and competency as before the injury.

In the case of **The Cleveland Provision Co. v. Hunter, 35 Oh Ap 169,** the Court held that a resumption of work and earnings would not be a bar to recovery, the third syllabus of which provides:

"Where 'disability' was continuous until death over two years after injury, employee's widow held entitled to compensation, although deceased had resumed work and former earnings (§1465-82, paragraph 4, GC; 110 Ohio Laws, 227)."

The same legal principle is also pronounced in **Industrial Commission v. Christophel, 34 Abs 65.**

We are therefore of the opinion that the Court properly charged upon the question of disability.

It is next urged that the Court erred in giving special instructions Nos. 1 and 5 which charged in substance that if the deceased was continuously disabled from the date of the injury and this was a proximate cause but not the sole cause of death, the plaintiff may recover. We find no error in these charges, a similar pronouncement having been made by the Supreme Court of Ohio in the case of **Industrial Commission v. Palmer, 126 Oh St 251.**

We have carefully examined the entire record, find that it supports the judgment, and that the same is free from prejudicial error.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.